MAISU PASENE of Vaitogi and PENILOSA SAINILA
of Nu'uuli, Plaintiffs

v.

TALIMANAVA K. of Nu'uuli, Defendant

No. 17-1951

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Fanene" of Nu'uuli]

October 26, 1951

ARTHUR A. MORROW, *Chief Justice;* LETULIGASE-
NOA, *Associate Judge;* and MALEPEAI, *Associate
Judge.*

DECISION

Heard at Fagatogo, Sept. 28, Oct. 1 and Oct. 2, 1951.

Logo for Maisu Pasene; Atofau for Penilosa Sainila; Sefo
for Talimanava K.

MORROW, *Chief Justice.*

The right to the succession to the matai name FANENE
of Nu'uuli is to be determined in this case. Talimanava
filed his application with the Registrar of Titles to be reg-
istered as the FANENE on September 21, 1950. Maisu Pa-
sene of Vaitogi and Penilosa Sainila of Nu'uuli each filed
an objection to the proposed registration and became a
candidate for the name. Hence this litigation.

Section 926, as amended, of the A. S. Code prescribes the
requirements for eligibility to hold a matai name. No ques-
tion was raised as to Talimanava's and Pasene's meeting
these requirements. It was contended by the other candi-
dates that Penilosa was born in Western Samoa and was

22

therefore not eligible under section 926(e) to hold a matai name in American Samoa. We have considered the question carefully and have concluded that the weight of the testimony is to the effect that Penilosa was born in American Samoa. We find that he is eligible to hold a matai title here.

Section 933 of the A. S. Code provides:

"Consideration Given by Court: In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The wish of the majority or plurality of the family;

(b) The forcefulness, character, personality and capacity for leadership of the candidate;

(c) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(d) The value of the holder of the matai name to the Government of American Samoa."

Each of the candidates filed a petition with the Court purporting to be signed by those members of the FA-NENE family supporting his candidacy. Each candidate testified that all the signers on the petition in his behalf were members of the family. There were 34 on the petition for Talimanava, 273 on the petition for Penilosa, and 318 on the petition for Pasene. Pasene testified that all of the signers on Talimanava's petition were members of the family. Penilosa, while admitting that all 34 signers on Talimanava's petition were members of the family, claimed that 1 of the signatures were forged. Talimanava objected to 264 of the signers on Penilosa's petition claiming that they were not FANENE family members. He admitted that the other nine were family members. Pasene testified that all of the 273 signers on Penilosa's petition were family members. Talimanava swore that 303 of the 318 signers on Pasene's petition were not family members. He admitted that 15 were. Penilosa objected to 199 signers on Pas-

ene's petition; to one on the ground that the signer was under age and to the other 198 on the ground that they did not belong to the FANENE family. He also objected to 173 names on Pasene's petition on the ground that the signatures were forged. It is very apparent to us that signatures Nos. 205 to 239, both inclusive, on Pasene's petition were written by the same hand. It is also quite apparent from an examination of the other signatures that many of them were written by the same hand. We have concluded from the testimony that the majority of the family favor Penilosa and wish him to be the FANENE. We find that Penilosa prevails over Talimanava and Pasene on the issue of the wish of the majority or plurality of the family.

Talimanava is 31 years of age. He completed the 7th grade in school and speaks English well. He has plantations, and for a number of years has had charge of the Insect and Rodent Control Unit of the Public Health Department of the Island Government. During the war he was a leading man in the tire repair shop for the local Supply Department of the Navy. He has also been a driver of Supply trucks. Prior to the war he worked as a carpenter. Altogether he has worked for the Government for ten or twelve years. Talimanava is a lesser matai in the FANENE family. He has held this title for about a year. Talimanava's salary is $50 a month. He receives $75 a month from a brother who is in the military service in Hawaii; also $25 to $50 a month from sisters in Honolulu. He has an income of $20 to $25 a month from the sale of copra.

Pasene is 51 years of age. He completed the 5th grade in the LMS Mission School. He speaks very little English. He has plantations. During the war he worked as a stevedore on the dock at Fagatogo. He is the pulenuu (mayor) of Vaitogi. He has held the matai name MAISU for two years. MAISU is a matai name in his wife's family at Vaitogi. He testified that he had an income from all sources of

from two to three thousand dollars a year, this income being derived from sales of produce from his plantations, from copra, and from his aigas who make gifts to him. He also receives a small salary as pulenuu.

Penilosa, 36 years of age, completed the 7th grade in school and speaks a little English. He has plantations. During the war he worked as a driver of trucks carrying ammunition for the Marines. Since the war he has been a bus driver for a private concern. Prior to the war he worked as a laborer on the public roads. He has been the leader of the Nu'uuli Band for about two years. He has also done work as a carpenter and as an electrician. He is a faifeau (pastor) in the LDS church. He has a salary of $75 a month as bus driver. He sells produce from his plantations for which he receives about $25 a month. He makes chests from the sale of which he derives about $50 a month. Aigas give him about $15 to $20 a month; also he has some income from his service as a band leader.

During the course of the hearing the judges had an excellent opportunity to observe the personality of the three candidates. In view of the evidence and our observations we are of the opinion that Penilosa prevails over Talimanava and Pasene on the issue of forcefulness, character, personality and capacity for leadership. And we so find.

Talimanava is a blood son of FANENE Tu'utau, the last FANENE. Talimanava has half FANENE blood in his veins. Pasene is the blood son of FANENE Tuiloli who held the FANENE title prior to FANENE Tu'utau. He is a FANENE descendant through the female line. However, the evidence established that it is customary in the FANENE family for descendants through both the male and female lines to hold the title. Pasene has one-half FANENE blood in his veins. Penilosa is the blood grandson of FANENE Te'etai. He has one-fourth FANENE blood in his veins. He descends through the male line of the fam-

ily. We find that Talimanava and Pasene are on an equality with respect to the issue of hereditary right, and that they both prevail over Penilosa on this issue.

The value of the holder of a matai title to the Government depends mostly upon the skill with which he handles the affairs of his family. That in turn depends primarily upon his forcefulness, character, personality and capacity for leadership. Everything considered, we are of the opinion that Penilosa prevails over Talimanava and Pasene on the issue of the value to the Government.

Since we find that Penilosa prevails over the other candidates on the first, second and fourth issues, we must, pursuant to the above section 933 of the A. S. Code, award the title FANENE to him.

Accordingly, it is ORDERED, ADJUDGED and DECREED that Penilosa Sainila of Nu'uuli shall be registered as the holder of the matai name FANENE of Nu'uuli. The Registrar of Titles will be advised of this decree.

Costs in the amount of $37.50 are hereby assessed against Talimanava, and a like amount against Pasene, the same to be paid within thirty days.